HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN FAST FREIGHT, INC., and HAWAIIAN OCEAN TRANSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CONSOLIDATION & DISTRIBUTION, INC., a New Jersey corporation; NEW CONCEPT DISTRIBUTION, INC., a Nevada corporation; NCD GLOBAL, INC., a New Jersey corporation; NCD COMPANIES, INC., a corporation, <br><br> Defendant. | Case No. C07-716 RBL <br><br> ORDER ON PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY |

THIS MATTER is before the Court upon Plaintiffs' two Motions to Compel Discovery from National Consolidation & Distribution, Inc., New Concept Distribution, Inc., NCD Global, Inc., and NCD Companies, Inc. Dkt. #'s 25 and 27. The Court has considered the pleadings filed in support of and in opposition to the motions and the entire file herein.

## BACKGROUND

On May, 8 2007, American Fast Freight, Inc. and its wholly-owned subsidiary, Hawaiian Ocean Transport, Inc., filed suit against National Consolidation & Distribution, Inc. (hereafter, NCD, Inc.). Dkt. #1. Plaintiffs alleged two claims against NCD, Inc.: (1) breach of contract for failure to pay invoices; and, (2) unjust enrichment. *Id.* NCD, Inc. asserted in its answer that it was not a proper party to the lawsuit because it is not the parent company to New Concepts Distribution, Inc. (hereafter, New Concepts) or NCD Global, Inc. (hereafter NCD Global), the two companies with whom the plaintiffs had business contracts. Dkt. #'s 5 and 8.

Consequently, plaintiffs amended their complaint. First, they included three more defendants: New Concepts; NCD Global; and, NCD Companies, Inc. (hereafter, NCD Companies). Dkt. #15. Second, because plaintiffs continue to assert that all of the companies are doing business as NCD, Inc, plaintiffs alleged a third claim against the defendant corporations for the intentional use of a corporate alter ego to evade duties to plaintiffs. *Id.* In their answer to the Amended Complaint, NCD, Inc. Continues to maintain that it is not the parent company. Dkt. #17.

On July 31, 2007, plaintiffs served NCD, Inc. with its first set of Interrogatories and Requests for Production. Dkt. #25. On August 30, 2007, NCD, Inc. served its objections, answers and responses to those requests. Dkt. #26. On September 12, 2007, as a result of a previous conversation with plaintiffs' counsel, NCD, Inc. served supplemental answers and objections. *Id.* The supplemental answers were still only minimally responsive to plaintiffs' requests.

On August 27 and 28, 2007, plaintiffs served NCD, Inc. its second Interrogatories and Requests for Production and served the other three companies its first Interrogatories and Requests for Production. Dkt. #27. On September 26, 2007, defendants' counsel requested a 30-day extension to reply to the four discovery requests listed above. Dkt. #36. There was some confusion between plaintiffs' counsel and defendants counsel regarding that extension. *Id.* On October 4, 2007, plaintiffs' counsel contacted defendants' counsel via email to set up a telephone conference as required by Local Rule CR 37. Dkt. #27. Defendants' counsel did not timely respond to plaintiffs' counsel regarding the conference, and the defendants have not yet responded to the August discovery requests. Dkt. #27.

On October 4, 2007, plaintiffs filed a motion to compel discovery of NCD, Inc.'s first set of interrogatories, requested five additional hours to depose NCD, Inc.'s agent in Seattle, and requested that the deadline to join additional parties be extended to November 30, 2007. Dkt. #25. On October 11, 2007, plaintiffs filed a second motion to compel the four sets of interrogatories and requests for production served on the defendants in August. Dkt. #27. The discovery dispute is mainly focused on the plaintiffs' search for evidence on its alter ego claim.

**DISCUSSION**

Federal Rules of Civil Procedure 26(b)(1) provides, in relevant part, the following:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant

to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The court may limit discovery if the court determines (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained in a less burdensome way; (2) the party seeking information has had ample opportunity to obtain the information; or (3) the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(i)-(iii).

If a party fails to answer an interrogatory or a request for production, then the party may move to compel disclosure pursuant Fed. R. Civ. P. 37(a)(2)(B). An evasive or incomplete answer or response is treated as a failure to disclose. Fed. R. Civ. P. 37(a)(3). Before filing a motion to compel, the moving party must make a good faith effort to confer with the other party and resolve the dispute. *Id.* A good faith effort to confer "requires a face to face meeting or a telephone conference." CR 37(a)(2)(A), *Local Rules W.D. Wash.*

**A. Plaintiffs' First Motion to Compel**

Plaintiffs filed its first motion in order to compel NCD, Inc. to respond specifically to Interrogatory No. 4, and Requests for Production Nos. 11-15, 18, 20, 22-23, 25-33, 41-45. Plaintiffs argue that this discovery material is relevant to their alter ego claim. Dkt. #25. To prevail on their alter ego claim, the plaintiffs must prove the following: (1) the corporate form was intentionally used to evade a duty to another; and, (2) disregard of the corporate structure is necessary to prevent unjustified loss to the injured party. *Norhawk Investments, Inc. v. Subway Sandwich Shops, Inc.*, 61 Wn. App. 395, 398-99 (1991).

Plaintiffs asserts that the following factors are used to show that a debtor corporation abused its corporate form: failure to issue stock, failure to receive consideration for stock issued; undercapitalization of one of the corporations; absence of corporate minutes or other corporate records; non-functioning of certain officers or directors; lack of employees or inability to meet payroll; undocumented loans or cash advances to or from dominant shareholder(s) or affiliated corporations; intermingling of corporate funds; failure to maintain separate financial books and records; shareholders' treatment of corporate assets as purely personal assets; the debtor corporation's nonpayment of dividends; the debtor corporation's failure to own real property; the debtor corporation's failure to maintain or use bank accounts; insolvency of the debtor corporation(s); and stripping the debtor corporation of its assets in anticipation of litigation. *Daval*

*Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2nd Cir. 1991) (citing *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2nd Cir. 1989)).

The defendant argues that the plaintiffs' motion should not be granted because (1) the information sought is not likely to lead to relevant information, Fed. R. Civ. P. (26)(b)(1); and, (2) the burden of producing the responses outweighs the likely benefit to the plaintiffs, Fed. R. Civ. P. (26)(b)(2)(iii).

**1. Relevance**

Interrogatory No. 4

Plaintiffs requested NCD, Inc. to identify bank accounts it has held since January 1, 2005. This request could lead to relevant evidence regarding whether NCD, Inc. is intermingling its funds with the other corporations or whether the other corporations do not maintain bank accounts. Defendants argue that all the relevant documents have been subpoenaed from the banks themselves minimizing the relevance of the interrogatory. However, plaintiffs correctly point out that the information is still relevant irrespective of what documents have been subpoenaed and may lead to more relevant evidence differing from what the banks may produce.

RFP Nos. 11-15

Plaintiffs have requested the production of all documents (including employment contracts, performance evaluations, personnel files, and W-2 forms) regarding the employment of five titled employees integrally involved in the defendant corporations. These documents could lead to relevant evidence regarding what entities are paying each employee and whether the officers are drawing funds out of the corporation without justification.

RFP No. 18

Plaintiffs requested the defendants produce all documents relating to NCD, Inc.'s formation and continued corporate existence, RFP No. 18, and the meeting minutes from NCD Inc's shareholders from January 1, 2002 to the present, RFP No. 20. These documents could lead to relevant evidence regarding NCD, Inc.'s corporate structure.

RFP No. 22 and 23

Plaintiffs requested copies of NCD, Inc.'s financial statements, RFP No. 22, and tax returns, RFP No. 23, from 2002 to present. Financial statements are clearly discoverable if they could lead to relevant

evidence. The tax returns present a more difficult question.  Public policy guards against unnecessary public disclosure of tax returns, *Premium Service Corporation*, 511 F.2d 225, 229 (1975)(internal citations omitted); nevertheless, copies of tax returns held by the taxpayer are discoverable in private civil litigation. *St. Regis Paper Co. V. United States,* 368 U.S. 208, 218 (1961); *Young v. United States*, 149 F.R.D. 199, 201 (S.D. Cal 1993).  These documents could lead to relevant evidence regarding whether NCD, Inc. maintained financial independence from the other defendant corporations,  whether the debtor corporation has been recently stripped of its assets, whether a corporation is undercapitalized, and how corporate shares have been transferred.

RFP Nos. 25 and 26

Plaintiffs requested copies of insurance policies, RFP No. 25, and documents related to any claims on those policies, RFP No. 26, since January 2002.  These documents could lead to  relevant evidence regarding the nature of the relationship between the corporations by showing whether NCD, Inc. paid for any of the other defendant company's policies or submitted claims on their behalf.

RFP Nos. 27 to 33

Plaintiffs requested any documents pertaining to property ownership since 2002 including: (1) owned or leased automobiles, RFP No. 27; (2) owned or leased telephones, RFP No. 28; (3) utility bills pertaining to three properties, RFP No. 29; (4) lease agreements pertaining to three properties, RFP No. 30; (5) documents reflecting ownership of three properties, RFP No. 31-33.  These documents could lead to  relevant evidence regarding how the assets were divided among the companies.

RFP Nos. 41 to 45

Plaintiffs requested copies of (1) electronic data used to answer the interrogatories, RFP No. 41; (2) information systems organizational charts from 2002 to present, RFP No. 42; (3) polices and records regarding electronic data, electronic back-up, electronic data retention and destruction, RFP. Nos. 43, 44, 45 respectively.  These requests could lead to relevant evidence regarding what efforts NCD, Inc. has made to preserve electronically-stored data because plaintiffs allege that NCD, Inc. failed to produce relevant electronically-stored information pursuant to Fed. R. Civ. P. 26(a)(1)(B) in its initial disclosures.

**2. The Burden Outweighs the Benefit**

To determine whether the burden of the proposed discovery outweighs the likely benefit, the Court

considers the following factors: the needs of the case; the amount in controversy; the parties' resources; the importance of the issue at stake; and, the importance of the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii).

In this case, plaintiffs have asserted that they are entitled to damages of approximately $728,500.00 plus interest, costs and expenses. Dkt. # 25. They also assert that Defendant NCD Inc. is attempting to evade its duty to pay the plaintiffs through its nominally separate corporate forms. Significantly, Mr. McKenna, president and CEO of NCD Inc. testified that Defendant Corporation NCD Global has ceased to operate and that NCD Global is the only company liable to the plaintiffs. Dkt. #33, Exh. 2. NCD, Inc. has not asserted that it does not have adequate resources to comply with the requested discovery. The requested discovery is important because if plaintiffs cannot prove their alter ego claim, they risk the possibility of unenforceable judgment against a dissolved corporation. Based on these factors, the Court does not find that the burden of the requested discovery outweighs the possible benefits. The Court GRANTS plaintiffs' motion to compel Interrogatory No. 4, and Requests for Production Nos. 11-15, 18, 20, 22-23, 25-33, 41-45. Answers to the interrogatories and responsive documents to the requests for production are due ten days from the date this order is filed.

**B. Plaintiffs' second motion to compel**

Plaintiffs filed the second motion to compel one set of interrogatories and requests for production on each of the four defendant companies. Each company failed to respond within thirty days. Plaintiffs are also requesting reasonable attorney's fees for filing the motion.

**1. Discovery**

Plaintiffs' served each defendant company a set of interrogatories and requests for production which were due on September 27 and 28. The defendants have not yet responded to those discovery requests. Because defendants have not substantively challenged the plaintiffs' discovery requests, the Court GRANTS plaintiffs' motion. Answers to the interrogatories and responsive documents to the requests for production are due ten days from the date this order is filed.

**b. Costs and reasonable attorney's fees**

Plaintiffs assert that they are entitled to attorney's fees and costs related to bringing this motion. Fed. R. Civ. P. 37(a)(4)(A) states that "the court shall...require the party or deponent whose conduct

necessitated the motion...to pay to the moving party the reasonable expenses incurred in making the motion...unless the court finds that...the opposing party's nondisclosure, response, or objection was substantially justified." Because of the breadth of discovery requests served on the defendants, the Court is satisfied that the defendants' failure to produce answers and documents was substantially justified. Accordingly, the Court DENIES plaintiffs' request for costs and reasonable attorney's fees.

**C. Plaintiffs' request to allow additional time to depose NCD, Inc's agent in Seattle**

Plaintiffs' deposed Mr. Robert McKenna, NCD, Inc.'s designated agent, on September 21, 2007 in New Jersey. Plaintiffs' counsel scheduled the deposition with the assumption that he would have the NCD, Inc.'s answers to plaintiffs' first interrogatories and documents responsive to plaintiffs' first requests for production. Although he had not received defendants responses, counsel decided to proceed with the deposition of Mr. McKenna. Mr. McKenna was not fully prepared to answer counsel's questions. Plaintiffs' are asking for a five hour extension on the deposition and that the deposition be held in Seattle, Washington.

Under Fed. R. Civ. P. 30(a)(1), a party may take the testimony of any person by deposition. *Id.* However, the party must obtain leave from the court if the person has already been deposed for this particular case. Fed. R. Civ. P. 30(a)(2)(B). The court shall grant the request to the extent it is consistent with the limitation set forth in Fed. R. Civ. P. 26(b)(2): the request is not unreasonably cumulative or attainable by some other more convenient source; the party seeking discovery has not had ample opportunity to discover the information; and, the burden does not outweigh the benefit of the discovery sought.

Defendants have not shown that the Fed. R. Civ. P. 26(b)(2) limitations should prevent plaintiffs from extending the deposition of NCD, Inc.'s corporate designee. The request is not unreasonable or cumulative because Mr. McKenna was unprepared to answer plaintiffs' questions. Plaintiffs have not had ample opportunity to discover the information as defendants have produced very little discovery requested. Defendants have not put forth any argument that suggests that the burden of extending the deposition time will likely outweigh the plaintiffs' benefit of discovery. Because the five hour extension of the deposition is consistent with the discovery limitations, the Court GRANTS plaintiffs' request to resume the deposition of NCD, Inc.'s corporate designee.

Plaintiffs have also requested to have the deponent appear in Seattle, Washington. A deposition of a corporation by its agents should ordinarily be taken at its principle place of business. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). The location may be changed when justice requires. 8A Wright, Miller, & Marcus, *Federal Practice and Procedure: Civil 2d* § 2112. NCD, Inc. did not produce pertinent discovery in time for the deposition, and NCD Inc.'s agent was not prepared for the deposition. Plaintiffs have shown, on those facts, that justice requires the defendant to bear the expense of having the extended deposition in Seattle. The Court GRANTS plaintiffs' request to require the deponent to appear in Seattle, Washington.

**D. Extending the deadline to join additional parties**

Plaintiffs requested the Court to extend the deadline for joining additional parties until Friday, November 30, 2007. Defendants do not oppose the motion. The Court GRANTS plaintiffs' request to extend the deadline to join additional parties.

**CONCLUSION**

Plaintiffs' first and second motions to compel are GRANTED. Answers to the interrogatories and responsive documents to the requests for production are due ten days from the date this order is filed. Plaintiffs' request for attorney's fees is DENIED. Plaintiffs' request for an extended deposition of NCD, Inc.'s designee in Seattle, Washington is GRANTED. Plaintiffs' request to extend the deadline to join additional parties is GRANTED.

IT IS SO ORDERED.

Dated this 7th day of November, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE