UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN FAST FREIGHT, INC., and HAWAIIAN OCEAN TRANSPORT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CONSOLIDATION & DISTRIBUTION, INC., a New Jersey corporation; NEW CONCEPT DISTRIBUTION, INC., a Nevada corporation; NCD GLOBAL, INC., a New Jersey corporation; NCD COMPANIES, INC., a corporation,<br><br>Defendants. | CASE NO. C07-0716BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL NCD, INC. TO PRODUCE CERTAIN DIGITAL ACCOUNTING FILES AND GRANTING PLAINTIFFS' MOTION TO AMEND CASE SCHEDULE |

This matter comes before the Court on Plaintiffs' Motion to Compel NCD, Inc. to Produce Certain Digital Accounting Files (Dkt. 43) and Plaintiffs' Motion to Amend Case Schedule (Dkt. 45). The Court has considered the pleadings filed in support of and in opposition to the motions and grants the motions for the reasons herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 8, 2007, American Fast Freight, Inc. ("American Fast Freight") and its wholly-owned subsidiary, Hawaiian Ocean Transport, Inc., brought suit in federal court against National Consolidation & Distribution, Inc. Dkt. 1. On August 7, 2007, Plaintiffs filed an amended complaint adding New Concept Distribution, Inc., NCD Gobal, Inc., and NCD Companies, Inc. as parties. Dkt. 15. The facts, according to the amended complaint, are as follows: In 2002, Defendant NCD, Inc. entered into an arrangement with Plaintiffs to transport goods from various locations in the continental United States for delivery to Alaska and Hawaii. Dkt. 15 at 4. On March 15, 2002, NCD, Inc. signed a Credit Application to do business with Plaintiffs.

ORDER - 1

1  *Id.* Plaintiffs signed and approved the Credit Application. Under the Credit Application,
2  Defendants agreed to advance the freight charges due to American Fast Freight by paying
3  American Fast Freight's invoices. The Credit Application provided that the invoices were due
4  and payable immediately, that the invoices would become past due if not paid within thirty days
5  of the invoice date, that a 1.5% late payment penalty applied to all unpaid or past due balances,
6  and that American Fast Freight was authorized to sue Defendants to collect such unpaid or past
7  due amounts. *Id.* at 4.

Plaintiffs contend that Defendants have failed to pay amounts due and owing for the transportation of goods to Alaska and Hawaii. *Id.* at 5. Plaintiffs sue for breach of contract and unjust enrichment and contend that the Court should disregard Defendants' corporate form. *Id.* at 4-6.

On September 28, 2007, Plaintiffs served Requests for Production 50, 51, 52, 53, and 54 on NCD, Inc. Dkt. 44 at 2. The requests seek production of NCD, Inc.'s QuickBooks accounting data file for the period beginning July 1, 2003, and ending September 30, 2007, and for fiscal years ending in June of 2004, 2005, 2006, and 2007. Dkt. 44, Exh. 1 at 5. On October 30, 2007, NCD, Inc. served its objections to the requests but did not produce any information responsive to the requests. Dkt. 44 at 2. NCD, Inc. objects on the grounds that the requests are overly broad, unduly burdensome, harassing, duplicative, and outside the scope of the amended complaint. Dkt. 44, Exh. 1 at 5.

## II. DISCUSSION

**A.   MOTION TO COMPEL**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

ORDER - 2

Fed. R. Civ. P. 26(b)(1). Discovery may be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer an interrogatory or a request for production, the party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(2)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. *Id*. A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A).

In this case, the parties conferred on November 6, 2007. Dkt. 44 at 2. At that discovery conference NCD, Inc. agreed to produce the discovery that is the subject of this motion. *Id.* at 3. Apparently, the disputed discovery requests remain outstanding. NCD, Inc. has failed to file a response to the Motion to Compel, and the Court construes such failure as an admission that the motion has merit. *See* Local Rule CR 7(b)(2).

NCD Inc.'s accounting information may be relevant to Plaintiffs' contention that Defendants' corporate form should be disregarded. This electronically stored information may be copied to CD and produced to Plaintiffs in that form. Dkt. 44 at 3. Without the benefit of a response from NCD, Inc., it is unclear how the requests for production might be unduly burdensome to NCD, Inc. Therefore, Plaintiffs' Motion to Compel (Dkt. 43) is granted, and materials responsive to the requests for production are due ten days from the date this order is filed.

**B.     MOTION TO AMEND CASE SCHEDULE**

Plaintiffs request an amendment of certain pretrial deadlines, and Defendants do not oppose the request. *See* Dkt. 48. Therefore, the pretrial deadlines are hereby amended as follows:

ORDER - 3

| | |
|---|---|
| Deadline for the FILING of any motion to join parties | **December 21, 2007** |
| Disclosure of expert testimony under FRCP 26(a)(2) | **January 4, 2008** |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | **January 18, 2008** |
| All motions related to discovery must be FILED by | **January 24, 2008** |
| Discovery COMPLETED by | **February 15, 2008** |
| All dispositive motions must be FILED by | **February 21, 2008** |
| Settlement conference per Local Rule CR 39.1(c)(2) HELD no later than | **March 27, 2008** |
| Mediation per Local Rule CR 39.1(c) HELD no later than | **April 21, 2008** |
| Letter of compliance as to Local Rule CR 39.1 FILED<br>*A roster of Local Rule CR 39.1 mediators can be located on the Internet at www.wawd.uscourts.gov. If you do not have access to the internet, please contact the Clerk's Office at (253) 882–3800.* | **April 28 2008** |
| Motions in limine should be FILED by and NOTED on the motion calendar no later than the second Friday thereafter. | **April 21, 2008** |
| Agreed pretrial order FILED with the Court by | **April 25, 2008** |
| Trial briefs due | **April 28, 2008** |

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel NCD, Inc. to Produce Certain Digital Accounting Files (Dkt. 43) is **GRANTED** and Plaintiffs' Motion to Amend Case Schedule (Dkt. 45) is **GRANTED** as provided herein.

DATED this 30th day of November, 2007.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4