UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN FAST FREIGHT, INC., and HAWAIIAN OCEAN TRANSPORT, INC., <br><br>Plaintiffs, <br><br>v. <br><br>NATIONAL CONSOLIDATION & DISTRIBUTION, INC., a New Jersey corporation; NEW CONCEPT DISTRIBUTION, INC., a Nevada corporation; NCD GLOBAL, INC., a New Jersey corporation; NCD COMPANIES, INC., a corporation, <br><br>Defendants. | CASE NO. C07-716BHS <br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO POSTPONE TRIAL DATE |

This matter comes before the Court on Plaintiffs' Motion for Sanctions (Dkt. 59) and Plaintiffs' Motion to Postpone Trial Date (Dkt. 56). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2007, American Fast Freight, Inc. ("American Fast Freight") and its wholly-owned subsidiary, Hawaiian Ocean Transport, Inc., brought suit in federal court against National Consolidation & Distribution, Inc. Dkt. 1. On August 7, 2007, Plaintiffs filed an amended complaint adding New Concept Distribution, Inc., NCD Gobal, Inc., and NCD Companies, Inc. as parties. Dkt. 15. The facts, according to the amended complaint, are as follows: In 2002, Defendant NCD, Inc. entered into an arrangement

ORDER - 1

1  with Plaintiffs to transport goods from various locations in the continental United States
2  for delivery to Alaska and Hawaii. Dkt. 15 at 4. On March 15, 2002, NCD, Inc. signed a
3  Credit Application to do business with Plaintiffs. *Id.* Plaintiffs signed and approved the
4  Credit Application. Under the Credit Application, Defendants agreed to advance the
5  freight charges due to American Fast Freight by paying American Fast Freight's invoices.
6  The Credit Application provided that the invoices were due and payable immediately, that
7  the invoices would become past due if not paid within thirty days of the invoice date, that
8  a 1.5% late payment penalty applied to all unpaid or past due balances, and that American
9  Fast Freight was authorized to sue Defendants to collect such unpaid or past due amounts.
10 *Id.* at 4.

11 Plaintiffs contend that Defendants have failed to pay amounts due and owing for
12 the transportation of goods to Alaska and Hawaii. *Id.* at 5. Plaintiffs sue for breach of
13 contract and unjust enrichment and contend that the Court should disregard Defendants'
14 corporate form. *Id.* at 4-6.

15 On September 28, 2007, Plaintiffs served Requests for Production 50, 51, 52, 53,
16 and 54 on NCD, Inc. Dkt. 44 at 2. The requests seek production of NCD, Inc.'s
17 QuickBooks accounting data file for the period beginning July 1, 2003, and ending
18 September 30, 2007, and for fiscal years ending in June of 2004, 2005, 2006, and 2007.
19 Dkt. 44, Exh. 1 at 5. On October 30, 2007, NCD, Inc. served its objections to the requests
20 but did not produce any information responsive to the requests. Dkt. 44 at 2. NCD, Inc.
21 objects on the grounds that the requests are overly broad, unduly burdensome, harassing,
22 duplicative, and outside the scope of the amended complaint. Dkt. 44, Exh. 1 at 5.

23 On November 8, 2007, after conferring with opposing counsel, Plaintiffs moved to
24 compel production of NCD, Inc.'s QuickBooks accounting data file. Dkt. 43. Defendants
25 failed to respond to the motion. The motion was granted, and NCD, Inc. was ordered to
26 produce documents responsive to Plaintiffs' request within ten days after the order was
27 entered. Dkt. 53 at 3.

28
ORDER - 2

On December 7, 2007, NCD, Inc. provided the accounting files for NCD Global, Inc. and New Concepts Distribution, Inc. as PDF attachments to an email. Dkt. 66, Exh. D at 8. Plaintiffs' counsel requested that the files be provided in a different format because some of the columns were truncated and unreadable. Dkt. 66, Exh. E at 9. On December 17, 2007, counsel for both sides engaged in an email exchange concerning NCD Inc.'s accounting files. Dkt. 60 at 3, Exh. 1. Defendants' counsel apologized and agreed to produce the accounting files. *Id.*

On December 18, 2007, Defendants' counsel produced accounting files for NCD Global, Inc. and New Concepts Distribution, Inc. as excel files, noting that NCD, Inc.'s accounting files are more expansive and would also need to be converted from the PDF format to the excel format. Dkt. 66, Exh. F at 10. Defendants provided the NCD, Inc. accounting files in excel format on January 4, 2008. Dkt. 66, Exh. J at 14-15. On January 9, 2008, NCD, Inc. produced the QuickBooks accounting file. Dt. 69 at 2.

Plaintiffs contend that NCD, Inc. has not complied with that order and asks the Court, as a sanction for failure to comply, to rule as a matter of law that NCD, Inc. has disregarded its corporate form through its financial activities with its officers and other NCD companies. Dkt. 59 at 6. In the alternative, if NCD, Inc. makes the requisite production, Plaintiffs ask the Court to deem NCD, Inc. in contempt of Court until NCD, Inc. complies with the discovery requests, allow Plaintiff to conduct further discovery and supplement its expert opinions based upon the accounting files, and order NCD, Inc. to pay monetary sanctions. *Id.* at 7. Plaintiffs seek reimbursement for $3,081.00 in attorneys' fees.

## II. DISCUSSION

Federal Rule of Civil Procedure 37 provides for sanctions for failure to comply with court orders regarding discovery. Fed. R. Civ. P. 37(b)(2). The Court is disappointed with NCD Inc.'s failure to respond to the motion to compel and the parties' failure to stipulate to an extension of time to comply with the order in light of NCD Inc.'s efforts to

ORDER - 3

1  twice convert the requested files into a format that would be accessible and satisfactory to
2  Plaintiffs and considering the intervening holidays. These efforts constitute substantial
3  justification for tardy compliance with the Court's order, however, and sanctions are
4  therefore not warranted.

5      Plaintiffs also seek an extension of the trial date and several pretrial deadlines due
6  to problems encountered during discovery thus far. Dkt. 56. Plaintiffs contend that as a
7  result of NCD Inc.'s untimely discovery responses, Plaintiffs' experts have been unable to
8  compile expert reports to comply with the January 4, 2008, deadline and Plaintiffs have
9  been unable to identify additional parties that should be joined. Dkt. 67 at 2-3. Defendants
10 have not opposed Plaintiffs' request.

11     The discovery deadline has not yet passed, and a continuation of the trial date
12 would therefore be premature. To allow Plaintiffs' proffered experts the full benefit of the
13 newly disclosed accounting files, the pretrial deadlines in this matter are extended as
14 follows:

| | |
|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) | **February 1, 2008** |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | **February 8, 2008** |
| All motions related to discovery must be FILED by | **February 14, 2008** |

20 All other deadlines remain as previously set. Any party requesting relief from any
21 deadline or other order must seek leave of court, preferably by stipulated motion.

## III. ORDER

23     Therefore, it is hereby
24     **ORDERED** that Plaintiffs' Motion for Sanctions (Dkt. 59) is **DENIED**, and
25 Plaintiffs' Motion to Postpone Trial Date (Dkt. 56) is **GRANTED in part and DENIED**
26 **in part** as follows: Disclosure of expert testimony is due February 1, 2008, Disclosure of

ORDER - 4

rebuttal expert testimony is due February 8, 2008, and all motions related to discovery must be filed by February 14, 2008.

DATED this 22nd day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5