1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMERICAN FAST FREIGHT, INC. and
HAWAIIAN OCEAN TRANSPORT,
INC.,

                    Plaintiffs,

          v.

NATIONAL CONSOLIDATION &
DISTRIBUTION, INC., a New Jersey
corporation; NEW CONCEPT
DISTRIBUTION, INC., a Nevada
corporation; NCD GLOBAL, INC., a New
Jersey corporation; NCD COMPANIES,
INC., a corporation,

                    Defendants.

CASE NO. C07-716BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
COMPEL DISCOVERY,
GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION TO
EXTEND DISCOVERY
DEADLINE AND CONTINUE
TRIAL DATE, AND GRANTING
IN PART AND DENYING IN
PART PLAINTIFFS' MOTION
FOR PROTECTIVE ORDER

          This matter comes before the Court on Defendants' Motion to Compel Discovery

(Dkt. 73), Defendants' Motion to Extend Discovery Deadline and Continue Trial Date

(Dkt. 75), and Plaintiffs' Motion for Protective Order (Dkt. 77). The Court has considered

the pleadings filed in support of and in opposition to the motions and the remainder of the

file and hereby grants in part and denies in part the motions for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

          On May 8, 2007, American Fast Freight, Inc. ("American Fast Freight") and its

wholly-owned subsidiary, Hawaiian Ocean Transport, Inc., brought suit in federal court

against National Consolidation & Distribution, Inc. Dkt. 1. On August 7, 2007, Plaintiffs

filed an amended complaint adding New Concept Distribution, Inc., NCD Gobal, Inc., and NCD Companies, Inc. as parties. Dkt. 15. The facts, according to the amended complaint, are as follows: In 2002, Defendant NCD, Inc. entered into an arrangement with Plaintiffs to transport goods from various locations in the continental United States for delivery to Alaska and Hawaii. Dkt. 15 at 4. On March 15, 2002, NCD, Inc. signed a Credit Application to do business with Plaintiffs. *Id.* Plaintiffs signed and approved the Credit Application. Under the Credit Application, Defendants agreed to advance the freight charges due to American Fast Freight by paying American Fast Freight's invoices. The Credit Application provided that the invoices were due and payable immediately, that the invoices would become past due if not paid within 30 days of the invoice date, that a 1.5% late payment penalty applied to all unpaid or past due balances, and that American Fast Freight was authorized to sue Defendants to collect such unpaid or past due amounts. *Id.* at 4.

Plaintiffs contend that Defendants have failed to pay amounts due and owing for the transportation of goods to Alaska and Hawaii. *Id.* at 5. Plaintiffs sue for breach of contract and unjust enrichment and contend that the Court should disregard Defendants' corporate form. *Id.* at 4-6. Several interrelated discovery motions are currently pending before the Court.

## II. DISCUSSION

**A.   MOTION TO STRIKE**

As a threshold matter, Plaintiffs ask the Court to strike Defendants' Reply to Plaintiffs' Opposition to Motion to Extend Discovery and Continue Trial Date (Dkt. 88). Dkt. 92. Plaintiffs contend that the reply brief was not timely filed and offers arguments that are not made in strict reply to Plaintiffs' opposition.

Defendants' Motion to Extend Discovery Deadline and to Continue Trial Date (Dkt. 75) was noted for consideration on February 12, 2008, pursuant to Local Rule CR 7(d)(2)(A). Defendants' reply was due on or before the noting date. Local Rule CR 7(d)(2).

1    Defendants' reply was filed on February 15, 2008. Dkt. 88. The caption of the reply
2    incorrectly lists February 15 as the noting date. Defendants' reply brief was untimely. The
3    Court surmises that the pendency of motions properly noted for consideration on February
4    15, 2008, may explain the untimely filing.

5    Defendants' motion was brief, cited only one case, and did not discuss the good
6    cause standard. Defendants' extensive briefing of the good cause standard in the reply brief
7    was arguably in reply to the authority offered by Plaintiffs.[1] In the interest of resolving the
8    parties' extensive discovery dispute on its merits, the Court declines to strike the reply.

9    **B.    CONTINUANCE OF TRIAL DATE AND DISCOVERY DEADLINE**

10   Pending before the Court is Defendants' Motion to Extend Discovery Deadline and
11   Continue Trial Date (Dkt. 75). Specifically, Defendants seek a 60-day extension of the trial
12   date and discovery deadlines because Plaintiffs have not responded to requests for
13   production and because Plaintiffs' representatives have not yet been deposed. Dkt. 75 at 3.
14   Defendants would like an extension of the trial and discovery deadlines to allow for
15   deposition of Plaintiffs' representatives after having received documents responsive to their
16   requests for production. *See* Dkt. 76 at 3.

17   The discovery deadline in this matter was February 15, 2008. Dkt. 53. Trial is set for
18   May 19, 2008. Dkt. 50. Defendants issued their first deposition subpoenas on January 25,
19   2008, one week after Plaintiffs responded to Defendants' second set of requests for
20   production. Dkt. 80 at 2. Defendants noted the depositions for dates after the close of
21   discovery to coincide with Defendants' counsel's trip to San Francisco. Dkt. 76 at 2.

22   Trial courts have broad discretion in deciding whether to grant or deny a request for
23   a continuance. *U.S. v. Flynt*, 756 F.2d 1352, 1358 (1985), *amended by* 764 F.2d 675 (9th
24   Cir. 1985). Under Federal Rule of Civil Procedure 6, the Court may grant an extension of
25   time for good cause. Fed. R. Civ. P. 6(b).

26
27   [1]The Court also notes that Defendants' reply was overlength. *See* Local Rule CR 7(e)(2) (Reply briefs on
     motions noted under Local Rule CR 7(d)(2) shall not exceed six pages.).
28

ORDER - 3

1    Plaintiffs oppose an extension because they contend that Defendants have not

2  diligently pursued discovery. Dkt. 79. Plaintiffs also contend that a continuance would be

3  prejudicial. Specifically, Plaintiffs contend that a continuance would afford Defendants

4  additional time to "dissipate the funds and assets on which the Plaintiffs will rely to enforce

5  a judgment," would result in Plaintiffs incurring additional damages, and would hinder

6  Plaintiffs' ability to prepare for trial. Dkt. 79 at 8. The Court notes that Plaintiffs recently

7  requested a thirty-day continuance of the trial date. *See* Dkt. 56.

8    In light of Defendants' receipt of Plaintiffs' discovery responses on January 14 and

9  January 18, the Court cannot conclude that Defendants' discovery practice has lacked

10  diligence. The Court therefore concludes that a brief trial continuance is proper. A 60-day

11  continuance of the pretrial deadlines is warranted, but Defendants' proposed trial date of

12  July 21, 2008, cannot be accommodated by the Court's trial calendar. Trial in this matter is

13  therefore continued to September 15, 2008.

14  **C.   DEFENDANTS' MOTION TO COMPEL DISCOVERY**

15    Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as

16  follows:

17        Parties may obtain discovery regarding any nonprivileged matter that
       is relevant to any party's claim or defense--including the existence,
18       description, nature, custody, condition, and location of any documents or
       other tangible things and the identity and location of persons who know of
19       any discoverable matter. *For good cause, the court may order discovery of
       any matter relevant to the subject matter involved in the action. Relevant
20       information need not be admissible at the trial if the discovery appears
       reasonably calculated to lead to the discovery of admissible evidence. All
21       discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

22  Fed. R. Civ. P. 26(b)(1) (emphasis in original). Discovery must be limited if the Court

23  determines that the discovery sought is unreasonably cumulative or duplicative or is

24  obtainable from a more convenient, less burdensome, or less expensive source; that the

25  seeking party has had ample opportunity to obtain the information sought; or that the

26  burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P.

27  26(b)(2)(C).

28

ORDER - 4

1    If a party fails to answer an interrogatory or a request for production, the party

2    may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R.

3    Civ. P. 37(a)(3)(B). The motion must certify that the parties have made a good faith

4    effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith

5    effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule

6    CR 37(a)(2)(A). Counsel for both parties conferred on January 28, 2008, and were

7    unable to resolve this discovery dispute without Court intervention. Dkt. 74 at 2.

8    On August 7, 2007, pursuant to the parties' stipulation, Plaintiffs filed an

9    amended complaint adding "disregard of corporate entity" as a third claim for relief. Dkt.

10   15 (amended complaint); Dkt. 13 (stipulation). On November 29, 2007, Defendants

11   served their first set of interrogatories and requests for production. Dkt. 80 at 1. Plaintiffs

12   contend that these discovery requests sought thousands of pages of documents Plaintiff

13   previously provided to Defendants. Dkt. 79 at 2. On December 17, 2007, Defendants

14   served Plaintiffs with their Second Set of Interrogatories and Second Request for

15   Production of Documents. Dkt. 74 at 2.

16   Plaintiffs responded to the first and second sets on January 14, 2008, and January

17   18, 2008, respectively. Dkt. 80 at 1-2. As part of Plaintiffs' response to the discovery

18   requests, Plaintiffs made approximately 25,500 pages of documents available for

19   inspection and copy by Defendants. Dkt. 80 at 2. Defendants asked Plaintiffs to

20   reproduce the documents as their resources allowed, and Plaintiffs did so without charge

21   on January 31, 2008. Dkt. 80 at 2; Dkt. 80, Exh. 1 at 6. Plaintiffs objected on relevance

22   grounds to many of the requests, and Defendants now move to compel production of

23   documents responsive to Requests 1- 7, 9-10, 18-28, and 31-38 in Defendants' second

24   set of discovery requests within seven days. Dkt. 73. Plaintiffs move for a protective

25   order sustaining their objections. Dkt. 77.

26   Plaintiffs object to discovery requests which seek information regarding

27   Plaintiffs' corporate form because Defendants seek to use this information to establish

28

1  that Plaintiffs and other businesses in the trucking industry employed similar practices

2  with respect to the corporate form. In other words, Defendants seek to avoid piercing of

3  the corporate veil by demonstrating that Plaintiffs' corporate structure is similar.

4        **1.**      **Plaintiffs' Corporate Information**

5        Defendants seek production of documents relating to Plaintiffs' corporate status

6  (Requests 1, 3-6), employment information regarding Plaintiff's chief executive officer

7  (Request 2), Plaintiff's financial statements and tax returns (Requests 7-8, 31), and

8  Plaintiffs' bank and accounting documents (Requests 9, 20-28). *See* Dkt. 74, Exh. A at 7-

9  8. Plaintiffs object, contending that this information is irrelevant. Defendants contend

10  only that this information is relevant to Plaintiffs' request that the Court pierce

11  Defendants' corporate veil. Specifically, Defendants seek to establish that their corporate

12  structure is typical in the trucking industry with evidence that their corporate structure is

13  similar to Plaintiffs' corporate structure. Dkt. 73 at 6.

14        Defendants do not offer, and the Court's research has not revealed, legal authority

15  for the proposition that typical industry practices are relevant when deciding whether to

16  pierce the corporate form. *But see Cotracom Commodity Trading Co. v. Seaboard Corp.*,

17  189 F.R.D. 655, 667 (D. Kan. 1999) ("Plaintiffs may not attack an attempt to pierce their

18  corporate veil by showing that others in the industry behave the same way.); *In re*

19  *Catfish Antitrust Litigation*, 908 F. Supp. 400, 417 (N.D. Miss. 1995) (noting that the

20  level of a parent company's control over a subsidiary is not established by industry

21  norms).

22        Defendants also contend that Plaintiffs' expert has put this issue in controversy

23  because his report includes the following statements: "It is unusual for a company with

24  revenue of $1 million to have no or such small salary expense," Defendants' executive

25  vice president and corporate secretary's compensation is "extremely high," and "[t]ruly

26  independent companies do not combine funds in a common concentration account." Dkt.

27  90, Exh. 2 at 9, 15-16. The Court has reviewed the expert report and concludes that the

28

1  report does not seek to establish typical industry practices and does not open the door to

2  discovery of such information. As to Requests 1-9, 20-28, and 31, Defendants' Motion to

3  Compel Discovery (Dkt. 73) is denied, and Plaintiffs' Motion for Protective Order (Dkt.

4  77) is granted.

5               **2.      Account Receivable Aging Reports**

6          Defendants seek production of Plaintiff's account receivable aging reports. *See*

7  Dkt. 74, Exh. A at 9 (Request 10). Defendants contend that these documents will identify

8  the names of Plaintiffs' customers and will therefore demonstrate that Plaintiffs knew the

9  precise identities of the Defendant with which they were transacting. Dkt. 73 at 7; Dkt.

10 81 at 4. Defendants do not seek this information for purposes of ascertaining information

11 about Plaintiffs' other customers and suggest that the aging reports could be designated

12 confidential pursuant to the protective order previously entered in this case. Dkt. 81 at 4.

13 Plaintiffs contend that they have already offered the account of all Defendants in this

14 matter. Dkt. 91 at 4. Defendants having failed to demonstrate the relevance of aging

15 accounts pertaining to customers not a party to this matter, Defendants' Motion to

16 Compel Discovery (Dkt. 73) is denied, and Plaintiffs' Motion for Protective Order (Dkt.

17 77) is granted as to Request 10.

18               **3.      Guaranties and Notes**

19         Defendants seek production of guaranties and notes obtained by third parties. *See*

20 Dkt. 74, Exh. A at 12 (Request 18). Defendants contend that Plaintiffs regularly obtained

21 guaranties from their customers but did not obtain a guaranty from National

22 Consolidation & Distribution, Inc. ("National") because Plaintiffs were not relying on

23 National's creditworthiness. Dkt. 73 at 8. Because Plaintiffs' claims involve equitable

24 concerns, the Court cannot conclude that Plaintiffs' use of guaranties to secure payment

25 would be wholly irrelevant. As to Request 18, Defendants' Motion to Compel Discovery

26 (Dkt. 73) is granted, and Plaintiffs' Motion for Protective Order (Dkt. 77) is denied.

27

28

ORDER - 7

1
2
3
4
5
6
7
8
9

### 4. Profit Margins

Defendants seek production of documents regarding Plaintiffs' profit margins for CompUSA shipments to Alaska and Hawaii on behalf of Defendants. *See* Dkt. 74, Exh. A at 12 (Request 19). Defendants contend that evidence of Plaintiffs' profits earned from transacting with NCD Global, Inc. would demonstrate that piercing of the corporate veil is not necessary to avoid inequity and would establish the value of the services rendered or benefit received with respect to Plaintiffs' unjust enrichment claim. Dkt. 73 at 8; Dkt. 87 at 7. Plaintiffs contend that this information is a trade secret due to Plaintiffs' status as freight forwarders or "middle men." *See* Dkt. 83.

10
11
12
13
14
15
16
17
18
19
20
21

Because Defendants' local counsel belongs to a law firm whose named partners serve on the board of directors of Plaintiffs' competitor, Plaintiffs are concerned that the protective order will not sufficiently protect information they consider confidential. *See id.* In responding to this contention, Defendants do not clarify whether the named partners would be entitled to receipt of documents pursuant to the protective order by virtue of their relationship to this case and despite their positions on the board of directors of Plaintiffs' competitor. It appears that evidence establishing the value of services rendered may be produced without requiring a broad disclosure of trade secrets regarding Plaintiffs' profit margins. Therefore, Defendants' Motion to Compel Discovery (Dkt. 73) is denied, and Plaintiffs' Motion for Protective Order (Dkt. 77) is granted as to Request 19. The parties should cooperate to facilitate limited discovery into this subject area in a way that would avoid the unnecessary disclosure of trade secrets.

22

### 5. Transconex, Inc.

23
24
25
26
27

Defendants seek production of financial and corporate information regarding Plaintiffs' former affiliate, Transconex, Inc. *See* Dkt. 74, Exh. A at 15-16 (Requests 32-38). Defendants contend that Transconex, Inc. is Plaintiffs' former subsidiary and that Plaintiffs knew they ran the risk of not being paid by NCD Global, Inc. by failing to secure a guaranty because Transconex, Inc.'s creditors were not paid when the company

28

failed financially. Dkt. 73 at 8-9. While such information may bear some relevance to Plaintiffs' equitable claims, Defendants' requests are worded broadly to include in-depth information regarding Transconex, Inc. Therefore, Defendants' Motion to Compel Discovery (Dkt. 73) is denied, and Plaintiffs' Motion for Protective Order (Dkt. 77) is granted as to Requests 32-38. The parties should cooperate to facilitate limited discovery into this subject matter in a way that would avoid unnecessary burden and expense.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Compel Discovery (Dkt. 73) and Plaintiffs' Motion for Protective Order (Dkt. 77) are **GRANTED in part** and **DENIED in part** as follows: Plaintiffs shall produce documents responsive to Request 18 forthwith. It is further

**ORDERED** that Defendants' Motion to Extend Discovery Deadline and Continue Trial Date (Dkt. 75) is **GRANTED in part** and **DENIED in part** as follows: The trial date in this matter is hereby continued to September 15, 2008, and the Clerk is directed to issue a revised scheduling order to reflect the new trial date.

DATED this 26th day of February, 2008.


BENJAMIN H. SETTLE
United States District Judge

ORDER - 9