UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN FAST FREIGHT, INC. and HAWAIIAN OCEAN TRANSPORT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CONSOLIDATION & DISTRIBUTION, INC., a New Jersey corporation; NEW CONCEPT DISTRIBUTION, INC., a Nevada corporation; NCD GLOBAL, INC., a New Jersey corporation; NCD COMPANIES, INC., a corporation, <br><br> Defendants. | CASE NO. C07-716BHS <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION |

This matter comes before the Court on Defendants' Motion for Reconsideration and Clarification (Dkt. 96). The Court has considered the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. DISCUSSION**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER - 1

1  Local Rule CR 7(h)(1). Defendants contend that the Court's Order Granting in Part and
2  Denying in Part Defendants' Motion to Compel Discovery (Dkt. 73) constitutes manifest
3  error with respect to Plaintiffs' accounts receivable aging reports, Plaintiffs' board
4  meeting minutes and resolutions, and Plaintiffs' profits margins. Dkt. 96.

**A.   ACCOUNTS RECEIVABLE AGING REPORTS**

The Court denied Defendants' Motion to Compel Discovery (Dkt. 73) as to Request for Production 10, which sought production of Plaintiffs' accounts receivable aging reports. *See* Dkt. 74, Exh. A at 9 (Request 10); Dkt. 94 at 7. The Court denied this request because (1) "Plaintiffs contend that they have already offered the account of all Defendants in this matter," and (2) "Defendants []failed to demonstrate the relevance of aging accounts pertaining to customers not a party to this matter." Dkt. 94 at 7. In moving for reconsideration, Defendants again emphasize that they do not seek production regarding Plaintiffs' other customers. Dkt. 96 at 3. The Court did not misapprehend the Defendants' arguments regarding aging reports naming Defendants but denied the motion because Plaintiffs have already provided this information. The Court's ruling in this regard does not constitute manifest error.

**B.   BOARD MINUTES AND RESOLUTIONS**

The Court denied Defendants' Motion to Compel Discovery (Dkt. 73) as to documents relating to Plaintiffs' corporate status because typical industry practices are not relevant when deciding whether to pierce the corporate form. Dkt. 94 at 6. Defendants moved to compel production pursuant to these Requests 3 and 4 as follows:

> Requests Nos. 1, 3, 4, 5 and 6 seek corporate information from plaintiffs. Plaintiffs contend that defendants have fraudulently used their corporate structure to violate or evade a duty to plaintiffs. Defendants' corporate structure consists of a parent corporation and a series of subsidiaries that engage in diverse segments of the trucking/transportation business in different geographic locations. Defendants claim that their corporate structure was not set up to defraud plaintiffs, but rather, is of a type that is typical in the trucking industry. To disprove plaintiffs' allegations and to support the defendants' defenses, defendants seek documents regarding plaintiffs' corporate structure to demonstrate that plaintiffs' corporate structure is substantially similar to the corporate structure employed by defendants. It will obviously be very difficult for

ORDER - 2

>plaintiffs to prove that defendants' corporate structure was fraudulent when it is established that this type of corporate structure is standard in the trucking industry and is even employed by plaintiffs . . . .

Dkt. 73 at 5-6. The Court declined to compel production of documents responsive to these requests: "Defendants do not offer, and the Court's research has not revealed, legal authority for the proposition that typical industry practices are relevant when deciding whether to pierce the corporate form." Dkt. 94 at 6. Defendants contend that the Court did not address additional arguments raised in Defendants' reply brief. Dkt. 96 at 3. Specifically, Defendants' reply brief sought production of board minutes and resolutions "that identify solely NCD Global and New Concepts, as opposed to National, as the debtors." Dkt. 87 at 6-7. This argument was raised in Defendants' reply brief and therefore was not addressed. Nevertheless, the Court concludes that the broad, sweeping nature of the requests renders the requests more burdensome than beneficial and denies this aspect of Defendants' Motion for Reconsideration and Clarification (Dkt. 96).

**C.  PROFIT MARGINS**

With respect to Request 19, which seeks information regarding Plaintiffs' profit margins, the Court noted Plaintiffs' concern that named partners working with Defendants' local counsel serve on the board of directors of Plaintiffs' competitor and would be entitled to receive information Plaintiffs consider confidential. Dkt. 94 at 8. The Court noted that Defendants' response did not clarify whether local counsel's named partners would be entitled to receipt of documents responsive to Request 19. The Court therefore encouraged the parties to cooperate to facilitate limited discovery into this subject area in a way that would avoid the unnecessary disclosure of trade secrets.

In Defendants' Motion for Reconsideration and Clarification (Dkt. 96), Defendants ask the Court to clarify this portion of the order. The Court's inability to compel production based upon the information before it and the Court's instructions to the parties to cooperate to facilitate discovery responsive to Request 19 are not in conflict. Defendants' "agreement not to show that information to defendants' local counsel" is

information that could have been brought to the Court's attention earlier and is not a proper basis for a motion for reconsideration.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration and Clarification (Dkt. 96) is **DENIED**.

DATED this 11th day of March, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4